UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTURO C. BOLANOS, | Case No. 3:16-cv-00640-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

In his 28 U.S.C. § 2254 habeas corpus petition Arturo C. Bolanos challenges his Washoe County, Nevada conviction by a jury of murder with use of a deadly weapon, three counts of attempted murder with use of a deadly weapon, and two counts of battery with a deadly weapon. (ECF No. 28.) Respondents have moved to dismiss three grounds in the petition as unexhausted, arguing that Bolanos presented these claims in the state courts solely as matters of state law. (ECF No. 58.[1]) Because the Court concludes that Bolanos fairly raised these claims as federal constitutional issues, and they are therefore exhausted, the motion to dismiss is denied.

**II.   BACKGROUND**

**A.   State-Court Proceedings**

Bolanos' convictions arose from a clash allegedly between rival gang members upon leaving a Reno bar in the early hours of one morning in October 2011. (*See* ECF Nos. 28, 58.) Bolanos was found guilty of firing several rounds with an AR-15 rifle at a truck with four people in it, killing one and injuring the other three. The state district court sentenced him to an aggregated sentence of life in prison with the possibility of parole

---

[1]Bolanos opposed, and Respondents replied. (ECF Nos. 61, 64.)

after 541 months. (ECF No. 50-8.) Judgment of conviction was entered on May 2, 2014. (ECF No. 50-9.) The Nevada Supreme Court affirmed Bolanos' convictions in November 2015, and affirmed the denial of his state postconviction habeas petition in September 2021. (ECF No. 53-11; ECF No. 56-29.)

### B.    Federal Habeas Proceedings

About November 2016, Bolanos dispatched his *pro se* federal habeas petition for filing. (ECF No. 2.) He contemporaneously filed a motion to stay the case pending the final resolution of his state postconviction proceedings; the Court granted the motion. (ECF Nos. 4, 7.) When the Court granted Bolanos' motion to reopen the case it also granted his motion for counsel. (ECF No. 13.) Through the Federal Public Defender, Bolanos filed a second-amended petition. (ECF No. 28.) He alleges 13 grounds for relief. (ECF No. 28 at 10-43.)

## III.    MOTION TO DISMISS

Respondents seeks dismissal of grounds 1, 5 and 6 as unexhausted, asserting that they were not presented as federal constitutional claims to the state courts. (ECF No. 58 at 5-6.) The Court disagrees.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or

where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Moreover, a state prisoner is entitled to federal habeas relief only if she is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *See Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004) (citing *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("We are not a State Supreme Court of errors . . . On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms.")); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

### A. Ground 1

Bolanos argues that the trial court permitted the State to introduce evidence of his gang affiliation in violation of his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights. (ECF No. 28 at 10-13.) In his direct appeal, Bolanos had urged that the trial court violated his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights when it allowed testimony that Bolanos had at one time belonged to a Norteno gang and that the victims were members of the Surenos gang, which generally were rivals with the Nortenos. (ECF No. 53-1 at 40-49.) The Nevada Supreme Court disposed of this claim on state-law grounds. (Exh. 138, ECF No. 53-11 at 5.) However, Bolanos had argued to that court that the introduction of evidence of his past gang affiliation denied him "a fair opportunity to defend against the offense that is charged." The Court concludes that Bolanos sufficiently apprised the Nevada Supreme Court of the federal nature of this claim on direct appeal. Federal ground 1, therefore, is exhausted.

///

///

**D. Grounds 5 and 6**

In ground 5, Bolanos contends that his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights were violated when the trial court allowed cell phone photos showing him in possession of a weapon and David Hudson's testimony that the weapon in the photo may have been consistent with the murder weapon. (ECF No. 28 at 24-27.) Bolanos argues in ground 6 that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial when the court refused to give a jury instruction advising caution in considering the credibility of Hudson's testimony. (*Id.* at 27-30.) Bolanos raised both of these claims verbatim on direct appeal. (ECF No. 53-1 at 67-77; *see also* ECF No. 53-11 at 6-7.) The Court finds that Bolanos apprised the Nevada Supreme Court of the federal constitutional nature of these claims. Federal grounds 5 and 6 are exhausted.

As the three challenged grounds were properly exhausted in state court, the Court denies Respondents' motion to dismiss.

**IV.  MOTION TO SEAL**

Respondents have also filed a motion for leave to file two exhibits under seal. (ECF No. 59.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Respondents ask to file Bolanos' presentence investigation report ("PSI") under seal because it is confidential under state law and contains sensitive, private information. They also ask that the Recommendation and Order for Payment of Interim Attorney Fees remain under seal because it was filed under seal in state court and has never been made available as part of the public record. The Court has reviewed the PSI

4

and the order and concludes that Respondents have demonstrated compelling reasons to file them under seal. Accordingly, the Court grants the motion, and the two exhibits will remain under seal.

**V.      CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 58) is denied.

It is further ordered that Respondents' motion for leave to file exhibits under seal (ECF No. 59) is granted. The exhibits will remain under seal.

It is further ordered that Respondents have 60 days from the date of this order to file an answer to the Petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Bolanos will then have 45 days from the date of service of Respondents' answer to file a reply.

DATED THIS 9th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE